UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PATRICE MITCHELL-CABREJA,

                  Plaintiff,                              COMPLAINT
                                                                            AND JURY TRIAL
        -against-                                        DEMAND

PHILLIP W. TANTILLO,
DETECTIVE THOMAS J. TAVERNA, Shield No. 3956, and
SERGEANT ARTHUR McCARTHY, Shield No. 4612,

                  Defendants.
-------------------------------------------------------------------X

       Plaintiff, PATRICE MITCHELL-CABREJA, by her attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

       1.    This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

       2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

       3.    Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343.

## VENUE

       4.    Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

       5.    Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

6. At all times relevant hereto, plaintiff, PATRICE MITCHELL-CABREJA, was and is a natural person, resident in the County of Hudson, State of New Jersey.

7. At all times relevant hereto, defendant PHILLIP W. TANTILLO (hereinafter "TANTILLO"), was and is a natural person, employed as a police officer by the Police Department of the City of New York, bearing Shield No. 9988. He left the department in 2023. At the time he left, he was a detective, and had Shield No. 3955.

8. At all times relevant hereto, defendant DETECTIVE THOMAS J. TAVERNA, Shield No. 3956 (hereinafter "TAVERNA"), was and is a natural person, and was employed as a police officer by the Police Department of the City of New York, bearing Shield No. 16875.

9. At all times relevant hereto, defendant SERGEANT ARTHUR McCARTHY, Shield No. 4612 (hereinafter "McCARTHY") was and is a natural person, employed as a sergeant by the Police Department of the City of New York.

10. The defendants are sued in their individual capacities.

## AS AND FOR A CAUSE OF ACTION
### (42 U.S.C. §1983)

11. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "10" hereinabove as if more fully set forth at length herein.

12. On or about September 15, 2020, at approximately 7:00 P.M., plaintiff was seated in the driver's seat of a motor vehicle that she had recently purchased.

13. Plaintiff had the aforementioned vehicle's motor running while she was stopped at the curb next to a fire hydrant located near the corner of Rockaway Parkway and Dean Street in the County of Kings, City and State of New York.

14. A friend of plaintiff's, named Dwayne Dollar, was seated next to her in the vehicle's front passenger seat.

15. Plaintiff had recently purchased the motor vehicle in the State of Minnesota.

16. While plaintiff and Mr. Dollar were conversing with each other, plaintiff observed an unmarked automobile with tinted windows pass by.

17. The vehicle with the tinted windows came to a sudden stop, reversed and then came to a stop in front of her vehicle.

18. The three defendants to this action exited the aforementioned vehicle.

19. Defendants TANTILLO and TAVERNA then undertook the actions described hereinbelow, all at the direction of and with the approval of defendant McCARTHY.

20. Defendant TANTILLO came to plaintiff's window, which was open. He asked her for her license and registration.

21. Plaintiff asked defendant TANTILLO why he wanted to see her license and registration. He replied that he did not have to give her his reason for requesting it.

22. Plaintiff told defendant TANTILLO that she would produce her license and registration only if he told her why he wanted to see them.

23. Defendant TANTILLO now told plaintiff that she was stopped in front of a fire hydrant.

24. Plaintiff responded that her motor was running and that she believed that defendant TANTILLO could only issue her a summons for being stopped in front of the hydrant if he first asked her to move her vehicle and she refused to do so.

25. Defendant TANTILLO now told plaintiff that his vehicle had stopped because he had smelled the odor of marijuana emanating from her vehicle and because her vehicle had tinted windows.

26. Plaintiff asked defendant TANTILLO how he was able to smell an odor of marijuana when he drove by with the windows of his vehicle being closed. She also pointed out to him that only the rear window of her vehicle was tinted and that it had come that way from its manufacturer.

27. Defendant TANTILLO now walked around to the back of plaintiff's vehicle. He then came back to plaintiff and informed her that there was no license plate on her car.

28. Plaintiff pointed out to defendant TANTILLO that she had a temporary paper license plate, issued by the State of Minnesota, affixed to the left corner of her rear window.

29. Defendant TANTILLO now informed plaintiff that the temporary Minnesota license plate had expired. Plaintiff reminded him that, because of the Covid-19 epidemic, offices of the New Jersey Motor Vehicle Commission were closed and that the time in which license plates had to be obtained had been extended.

30. Plaintiff further informed him that she had been to an office of the New Jersey Motor Vehicle Commission that very day and had obtained license plates that she had in the back seat of her vehicle.

31. Plaintiff TANTILLO replied that he did not really care about the license plates and walked to the passenger side of the vehicle.

32. Defendant TANTILLO now opened the front driver's side door of plaintiff's vehicle and ordered her to get out of the car.

33. Defendant TAVERNA came over to where plaintiff was seated, leaned into the vehicle, and told her that if she did not get out of the car, he would pull her out and slam her onto the ground.

34. Plaintiff picked up her cell phone, dialed 911, and asked the operator to please have other police officers sent to the scene because she feared for her life.

35. Smirking, and saying, "I am the police," defendant TAVERNA grabbed plaintiff's phone out of her hand, ended her call and threw the phone onto her vehicle's dashboard.

36. Defendant TAVERNA and defendant TANTILLO each grabbed one of plaintiff's wrists and pulled her out of her vehicle.

37. Defendant TANTILLO pulled plaintiff's left arm behind her while defendant TAVERNA pulled her right arm behind her.

38. Defendant TANTILLO tightly handcuffed her.

39. At no time did defendant McCARTHY take any steps whatsoever to prevent or stop defendants TANTILLO or TAVERNA from taking the actions toward plaintiff that are described hereinabove.

40. As plaintiff was extracted from her vehicle, she saw a police lieutenant and other officers arriving at the scene.

41. When the superior officer, identified as Lieutenant Christopher R. Siani, approached her, plaintiff asked him for help, complaining that she was in pain from having her arms pulled and the handcuffs being made too tight. Lieutenant Siani adjusted the handcuffs but plaintiff continued to experience pain from them.

42. Plaintiff was transported to the stationhouse of the 73rd Precinct.

43. Plaintiff was placed in a filthy holding cell, and her left wrist was cuffed to a bench.

44. After a period of time, defendant TANTILLO issued plaintiff two summonses, one for obstructing a fire hydrant, a violation of §4-08(e)(2) of the New York City Traffic Rules, and the other for disorderly conduct. The summons for disorderly conduct did not specify what subsection of Penal Law §240.20 plaintiff was accused of violating.

45. Plaintiff paid the fine for the parking summons. However, in an order dated December 23, 2020, the decision finding plaintiff guilty of the parking violation was reversed by the New York City Department of Finance Parking Violations Adjudication Division's Appeals Board, thereby dismissing the summons.

46. The summons for disorderly conduct was dismissed by a judge of the Criminal Court of the City of New York, Kings County.

47. As a result of the pulling of her arms and the excessively tight handcuffing administered by defendants TANTILLO and TAVERNA, plaintiff was seriously injured and required medical treatment and physical therapy.

48. As a further result of the incident, plaintiff suffered severe emotional distress, which required treatment by both a psychotherapist and a psychiatrist. Plaintiff's

mental distress further led to a loss of weight and tension-caused symptoms in her temporomandibular joint. Plaintiff also, as a result of her mental distress caused by the incident, suffered a permanent breakup with the man she was living with at the time of the incident.

49. Plaintiff also lost time and income from her employment as a result of her injuries and incurred expenses for legal representation regarding the charges made against her.

50. Plaintiff suffered a loss of her liberty.

51. Thus, as a result of the aforementioned conduct of the defendants, who, at all times relevant hereto, were acting under color of state law, plaintiff suffered a deprivation of her rights to be arrested only with probable cause, to be prosecuted only with probable cause, and to be free from the use of excessive force, which rights are guaranteed to her by the fourth and fourteenth amendments to the Constitution of the United States.

52. As a result of the aforementioned violations of the above-specified constitutional rights, plaintiff suffered the injuries delineated in paragraphs "45" through "48" hereinabove.

53. By reason of the aforementioned unconstitutional and illegal actions taken against her by the defendants, and the injuries resulting therefrom, plaintiff demands damages in an amount sufficient to compensate her for her injuries as enumerated hereinabove and, in addition, seeks punitive damages against each defendant, such amounts to be determined at the trial of this action.

WHEREFORE, plaintiff, PATRICE MITCHELL-CABREJA, demands judgment against defendants, PHILLIP W. TANTILLO, DETECTIVE THOMAS J. TAVERNA, Shield No. 3956, and SERGEANT ARTHUR McCARTHY, Shield No. 4612, in an amount sufficient to compensate her for her injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendants TANTILLO, TAVERNA and McCARTHY.

In addition, plaintiff demands the costs and disbursements of this action, including her attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Forest Hills, New York
      May 2, 2023

*Alan D. L*

ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
118-21 Queens Boulevard, Suite 504
Forest Hills, New York 11375
(718) 793-6363
Our File No. 2491