UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
PATRICE MITCHELL-CABREJA,

              Plaintiff,

   -against-

PHILLIP W. TANTILLO, DETECTIVE
THOMAS J. TAVERA, Shield No. 3956,
and SERGEANT ARTHUR McCARTHY,
Shield No. 4612,

              Defendants.
------------------------------------------------------X

REPORT AND
RECOMMENDATION
23 CV 3365 (DG)(RML)

LEVY, United States Magistrate Judge:

        By order dated April 19, 2024, the Honorable Diane Guajrati, United States District Judge, referred the motion to intervene filed by non-party Richard M. Bacquie to me for report and recommendation. For the reasons stated below, I respectfully recommend that the motion be denied.

## BACKGROUND AND FACTS

        Plaintiff commenced this action on May 4, 2023 against three New York City Police Department officers ("defendants") under 42 U.S.C. §§ 1983, 1988 and the Fourth and Fourteenth Amendments. (See Complaint, dated May 2, 2023 ("Compl."), Dkt. No. 1.) Plaintiff's claims arise from an incident on September 15, 2020, when plaintiff was stopped at the curb next to a fire hydrant in her motor vehicle with a friend in the passenger seat. (Id. ¶¶ 13, 14.) Plaintiff alleges that an unmarked automobile with tinted windows passed her car, came to a sudden stop, reversed, and then stopped in front of her vehicle. (Id. ¶¶ 16, 17.) Defendants exited the vehicle and proceeded to ask plaintiff for her license and registration because she was

stopped in front of a fire hydrant. (Id. ¶¶ 19-23.) Additionally, defendants claimed to have smelled the odor of marijuana emanating from her vehicle and that her vehicle had tinted windows. (Id. ¶ 25.)

The incident culminated in plaintiff being handcuffed and transported to the 73rd Precinct where she was placed in a holding cell and subsequently issued summonses for obstructing a fire hydrant and for disorderly conduct. (See id. ¶¶ 27-44.) Both summonses were ultimately dismissed. (Id. ¶¶ 45, 46.) Plaintiff claims that she was seriously injured and required medical treatment and physical therapy as a result of the pulling of her arms and excessively tight handcuffing by defendants and that she has suffered severe emotional distress that required treatment by a psychotherapist and psychiatrist. (Id. ¶¶ 47, 48.) Plaintiff further alleges that, because of her mental distress caused by the incident, she suffered a "permanent breakup with the man she was living with at the time of the incident." (Id. ¶ 48.)

Richard M. Bacquie ("pro se intervenor") seeks leave to intervene in this matter under Federal Rule of Civil Procedure 24(b), on the ground that there exists a commonality in the injuries as articulated by plaintiff. (Motion to Intervene, dated Apr. 5, 2024 ("Mot."), Dkt. No. 8.) Plaintiff and defendants oppose the motion to intervene. (See Plaintiff's Memorandum in Opposition, dated Apr. 26, 2024 ("Pl.'s Mem."), Dkt. No. 15; Reply in Opposition, dated May 13, 2024 ("Defs.' Opp."), Dkt. No. 21.)

## LEGAL STANDARD

Rule 24(b) of the Federal Rules of Civil Procedure governs permissive intervention. Under Rule 24(b), "the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b). An application for

2

permissive intervention requires the court to consider "substantially the same factors" as for an application for intervention of right. In re Bank of N.Y. Derivative Litig., 320 F.3d 291, 300 & n. 5 (2d Cir. 2003). To be granted intervention as of right, "a movant must '(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action.'" In re New York City Policing During Summer 2020 Demonstrations, 27 F.4th 792, 799 (2d Cir. 2022) (quoting R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp., 467 F.3d 238, 240 (2d Cir. 2006)).

        Permissive intervention, however, is committed to the discretion of the trial court. See U. S. Postal Serv. v. Brennan, 579 F.2d 188, 191 (2d Cir. 1978). "In exercising its discretion, the court should consider whether intervention will unduly delay or prejudice the adjudication of the rights of the original parties and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." NYTDA, Inc. v. City of New York, No. 11 CV 1836, 2014 WL 4274219, at *2 (E.D.N.Y. Aug. 28, 2014) (citing H.L. Hayden Co. of N.Y., Inc. v. Siemens Med., 797 F.2d 85, 89 (2d Cir. 1986)); see also FED. R. CIV. P. 24(b); AT & T Corp. v. Sprint Corp., 407 F.3d 560, 561-62 (2d Cir. 2005).

        "Motions filed by *pro se* litigants are liberally construed and interpreted 'to raise the strongest arguments that they *suggest.*'" Kumaran v. Nat'l Futures Ass'n, No. 20 CV 3668, 2023 WL 3160116, at *3 (S.D.N.Y. Apr. 28, 2023) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis in original)). However, "the liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party from compliance with relevant rules of procedural and substantive law." Bell v. Jendell, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013)

(internal quotation marks and citation omitted); see also Rahman v. Schriro, 22 F. Supp. 3d 305, 310 (S.D.N.Y. 2014) ("[D]ismissal of a *pro se* complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements.") (citing Rodriguez v. Weprin, 116 F.3d 62, 65 (2d Cir. 1997)).

## DISCUSSION

Pro se intervenor alleges that he is the man referenced in plaintiff's complaint with whom she suffered a "permanent breakup" because of the September 15 incident. (Mot. ¶ 3.) Pro se intervenor "asserts experiencing significant hardship and emotional distress subsequent to the dissolution of the longstanding intimate relationship with [p]laintiff." (Id. ¶ 5.) He claims that because "the injuries asserted herein are congruent, Richard M. Bacquie maintains a significant protectable interest in the outcome of this action" and that his interests are not adequately represented in this action, "necessitating intervention to ensure the comprehensive adjudication of related claims and interests." (Id. ¶¶ 6, 7.)

The court, along with plaintiff and defendants, interprets pro se intervenor's motion to be based on a claim for loss of consortium. In support of this claim, pro se intervenor alleges that he and plaintiff lived in New Jersey and were "legally considered Domestic Partners[1] during the incident alleged[.]" (Reply in Support of Motion to Intervene, filed May 6, 2024, Dkt.

---

[1] New Jersey recognizes domestic partnerships by way of the Domestic Partnership Act; however, the Act only applies to individuals in a same-sex relationship. N.J. STAT. ANN. § 26:8A-11 ("The provisions of sections 41 through 56, inclusive, of P.L.2003, c. 246 shall only apply in the case of two persons who are of the same sex and have established a domestic partnership . . . ."). Therefore, the New Jersey Domestic Partnership Act did not apply to plaintiff and pro se intervenor at the time of the incident. Furthermore, "[i]t is a rule in [New York] State that damages cannot be recovered under a claim for loss of consortium unless the party asserting said claim was lawfully married to the injured person at the time of the actionable conduct." Lennon v. Charney, 797 N.Y.S.2d 891, 892 (Sup. Ct. 2005) (collecting cases). "The lawful passage of the New York City Domestic Partnership Law . . . does not compel a different result." Id. (internal citations omitted).

No. 18, ¶ 2.) Furthermore, pro se intervenor argues that he "took care of [plaintiff] and her children . . . during the ordeal, [] suffered emotionally during the care of [plaintiff], [lost] the consortium and intimate relationship with [plaintiff], and [] suffered the loss of the complete relationship to which is as detailed due to the defendants['] actions in the matter." (Id. ¶ 13.)

Plaintiff argues that the motion to intervene is "not only a sham motion brought as part of Mr. Bacquie's continuing efforts to stalk and harass plaintiff, but is also one the settled New York law prevents him from bringing." (Pl.'s Mem. at 1.) Plaintiff maintains that because pro se intervenor was "not at all involved in the incident that forms the basis for this lawsuit" he should not be permitted to intervene permissively in this action. (Id. at 3.) Furthermore, plaintiff argues that neither New York nor New Jersey law supports pro se intervenor's claim that their domestic partnership entitles him to recover for loss of consortium. (Plaintiff's Sur-Reply Memorandum, dated May 15, 2024, Dkt. No. 20.) Defendants similarly oppose the motion to intervene because New York and New Jersey courts "have ruled that there must be an actual marriage for a loss of consortium claim to be actionable" and pro se intervenor failed to comply with New York and New Jersey's notice of claim requirements. (Defs.' Opp. at 1-2.)

"Under New York law, loss of consortium is a common law concept which 'arises out of an injury to the marital relationship[.]'" Mobius v. Quest Diagnostics Clinical Labs., Inc., No. 19 CV 499, 2023 WL 5314557, at *14 (W.D.N.Y. Aug. 18, 2023) (quoting Buckley v. Nat'l Freight, Inc., 90 N.Y.2d 210, 659 (N.Y. 1997)). It includes "not only loss of support or services of a husband or wife[,]" but also "such elements as love, companionship, affection, society, sexual relations, solace and more." Goldman v. MCL Cos. of Chicago, Inc., 131 F. Supp. 2d 425, 427 (S.D.N.Y. 2000) (internal quotation marks omitted). Similarly, "New Jersey has refused to extend loss of consortium claims to unmarried individuals." Schuler v. Monmouth Cnty.

5

Vocational Sch. Dist., No. 19 CV 25, 2020 WL 1809676, at *6 (D.N.J. Jan. 9, 2020) (citing Schroeder v. Boeing Commercial Airplane Co., 712 F.Supp. 39, 43 (D.N.J.1989) ("a valid marriage is a prerequisite to establish a claim for loss of consortium")).  Because plaintiff and pro se intervenor were never married, pro se intervenor may not assert a claim for loss of consortium.

Moreover, "[a] loss of consortium claim is not an independent cause of action, but is derivative in nature," and may only be maintained where permitted pursuant to the primary tort. See O'Gorman v. Holland, No. 97 CV 0842, 2000 WL 134514, at *3 (S.D.N.Y. 2000).  Where, as here, a loss of consortium claim is purportedly derived from a statutory claim, courts must examine the statute at issue to determine whether it authorizes a spouse to bring a derivative action.  See, e.g., Moss v. Stinnes Corp., 169 F.3d 784, 785 (2d Cir. 1999) (per curiam).

"Section 1983 does not recognize a claim on behalf of one person arising from a violation of another person's rights." T.P. ex rel. Patterson v. Elmsford Union Free Sch. Dist., No. 11 CV 5133, 2012 WL 860367, at *3 (S.D.N.Y. Feb. 27, 2012).  "Accordingly, derivative claims [such as . . . loss of consortium] are not cognizable under § 1983 since such claims do not involve an injury based on a deprivation of the plaintiff's rights, privileges, and immunities." Pemberton v. City of New York, No. 18 CV 7908, 2020 WL 4432095, at *3 (S.D.N.Y. July 31, 2020) (internal quotation marks and citations omitted); see also Stanley v. City of New York, 587 F. Supp. 393, 396 (E.D.N.Y. 1984) ("Loss of consortium, however, is a state law claim which does not rise to the level of a constitutional violation.").  Therefore, even if plaintiff and pro se intervenor were married, pro se intervenor would still be unable to assert a derivative claim of loss of consortium related to this action.

Finally, pro se intervenor's motion is untimely.  See, e.g., Kamdem–Ouaffo v. Pepsico, Inc., 314 F.R.D. 130, 135 (S.D.N.Y. 2016) (denying motion to intervene after sixteen

6

months of actual notice and collecting cases where intervention was untimely after, *inter alia*, ten months and fifteen months); S.E.C. v. Callahan, 2 F. Supp. 3d at 438 (finding that the entity was aware of its interest since the commencement of the action and that waiting a year and five months to seek to intervene was untimely); United States v. Simpson Borough Place Corp., 01 CV 693, 2007 WL 2581888, at *3 (E.D.N.Y. Sept. 5, 2007) ("A delay of fifteen months is untimely."); see also Farmland Dairies v. Comm'r of N.Y. State Dep't of Agric. & Mkts., 847 F.2d 1038, 1044 (2d Cir. 1988) (finding motion to intervene untimely because the proposed intervenors could have moved when they "were aware of this and related litigation").  The complaint in this action was filed over a year ago and the incident giving rise to the action occurred over three years ago.  Therefore, pro se intervenor's motion, filed in April 2024, is untimely.  Moreover, pro se intervenor never filed a notice of claim in New York or New Jersey related to his loss of consortium claim, further precluding it from this action.  See N.Y. GEN. MUN. LAW § 50-e; N.J. STAT. ANN. § 59:8-8; see also Baklayan v. Ortiz, No. 11 CV 3943, 2012 WL 1150842, at *8 (D.N.J. Apr. 5, 2012) ("Loss of consortium, as a state common law claim, is subject to this notice requirement."); Watson v. New York City Transit Auth., N.Y.S.2d 901 (2000) (denying motion to amend complaint to include a loss of consortium claim where plaintiff had not filed a timely notice of claim).

      Pro se intervenor has not established that he would contribute to full development of the underlying factual issues or to the just and equitable adjudication of the legal questions presented, he does not have a claim or defense that shares with the main action a common question of law or fact, and he does not have a protectable legal interest in this action.  Additionally, his motion is untimely.  I therefore respectfully recommend that the motion to intervene be denied.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that the motion to intervene be denied. Any objections to this Report and Recommendation must be filed electronically, with courtesy copies to Judge Gujarati and to my chambers, within fourteen days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
August 28, 2024